FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARGO L.,[1] <br>                Plaintiff, <br><br>    vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br>                Defendant. | No. 4:18-cv-05126-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 19, 20 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 19, 20. The parties consented to proceed before a magistrate judge. ECF No. 4. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 19, and denies Defendant's motion, ECF No. 20.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them only by their first names and the initial of their last names.

ORDER - 1

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

ORDER - 4

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other

work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

On March 5, 2014, Plaintiff applied both for Title II disability insurance benefits and Title XVI supplemental security income benefits alleging a disability onset date of March 25, 2013. Tr. 198-206. The applications were denied. Tr. 119-26. Plaintiff appeared before an administrative law judge (ALJ) on September 15, 2016, and January 5, 2017. Tr. 34-96. On June 8, 2017, the ALJ denied Plaintiff's claim. Tr. 12-30.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 25, 2013. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: coronary artery disease/Ischemic heart disease, status-post angioplasty/stent; obesity; osteoarthritis; degenerative disc disease; and carpal tunnel syndrome. Tr. 18.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 19. The ALJ then concluded that Plaintiff has the RFC to perform sedentary work with the following limitations:

> [Plaintiff] can occasionally climb ramps and stairs. She can do no climbing of ladders, scaffolds, and ropes. She can frequently balance and occasionally stoop and crouch. She can do no crawling. She can frequently handle and finger with the bilateral upper extremities. She can have no concentrated exposure to extremes of cold, humidity, and wetness. No concentrated exposure to pulmonary irritants, and hazards due to hand problems. She can have no bright lighting in the work environment (but can work in moderate office lighting). She needs a stable work environment with no more than occasional work place changes. She can have interact [sic] with the public but not as a part of job tasks. She can do no work in production-rate pace.

Tr. 20.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 24. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as, document preparer. Tr. 24-25. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of March 25, 2013, though the date of the decision. Tr. 25.

On May 21, 2018, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom claims;

2. Whether the ALJ properly evaluated the medical opinion evidence; and

3. Whether the ALJ conducted a proper step-five analysis.

ECF No. 19 at 8.

## DISCUSSION

### A. Plaintiff's Symptom Claims

Plaintiff contends the ALJ failed to rely on clear and convincing reasons in discrediting her statements about the intensity, persistence, and other limiting effects of her symptoms. ECF No. 19 at 12-14.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical

ORDER - 8

evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient. The ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the claimant took to alleviate pain or other

symptoms; 5) treatment, other than medication, the claimant received for relief of pain or other symptoms; 6) any measures other than treatment the claimant used to relieve pain or other symptoms; and 7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p; 20 C.F.R. § 404.1529, 416.929(c)(1)-(3). The ALJ is instructed to "consider all of the evidence in an individual's record" "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p.

While the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, the ALJ discounted Plaintiff's claims concerning the intensity, persistence, and limiting effects of the symptoms during the adjudicated period. Tr. 21.

### 1. Inconsistent with the Objective Medical Evidence

The ALJ found Plaintiff's reported symptoms inconsistent with the objective medical evidence. Tr. 21-22. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by the objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in

determining the severity of a claimant's symptoms and their disabling effects.

*Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

As to Plaintiff's reported symptoms about shortness of breath and daily chest pain, the ALJ highlighted that catheterization of the heart in 2015 revealed mild to moderate coronary artery disease but no high-grade coronary artery obstruction or right coronary artery stent restenosis. Tr 645-46. In addition, the ALJ noted that x-rays revealed no acute radiographic abnormality of the chest, Tr. 627; only mild linear lung atelectasis, Tr. 647; minimal streaky atelectasis or scarring at the mid to lower lung zone, Tr. 648; and no significant pulmonary abnormality, pleural effusion, or pneumothorax, Tr. 649-50. Tr. 21. In addition to the imaging, the ALJ considered the medical providers' observations and findings. Tr. 21. For instance, the ALJ highlighted that Plaintiff's review-of-systems during her 2015 physical examination by Dr. Maxwell was normal and Plaintiff had good air movement bilaterally, Tr. 553, and that in 2016 Dr. Woolever found Plaintiff's coronary artery disease to be asymptomatic, Tr. 710-11. Tr. 21. Based on this medical record, the ALJ rationally found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her shortness of breath and daily chest pain as inconsistent with the objective medical evidence.

Regarding Plaintiff's neck and back pain and muscle spasms, the ALJ highlighted 1) Dr. Maxwell's findings that Plaintiff had full range of motion with

no CVA, midline thoracic, or lumbar spinal tenderness, Tr. 553; 2) Dr. Moullet's findings of normal strength and range of motion with no tenderness, swelling, or deformity, Tr. 696; 3) Dr. Woolever's benign results, other than tenderness with percussion of the right CVA, Tr. 752; and 4) Dr. Mc Murtry's noted normal range of motion and strength, Tr. 658.  Tr. 21; *see also* Tr. 737, 746, 749, 752, 803 (revealing normal range of motion and strength); Tr. 527 (Dr. Khaleel: finding that Plaintiff had a normal gait and station and was able to ambulate without the use of any assistive device).  Based on this medical record, the ALJ rationally found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her neck and back pain and muscle spasms inconsistent with the objective medical evidence.

Relating to Plaintiff's carpal tunnel syndrome, the ALJ found that Plaintiff's reported disabling symptoms were not consistent with the objective medical evidence reflecting that Plaintiff's left-hand symptoms were greatly alleviated by the November 2016 carpal release surgery.  Tr. 21-22, 609-10.  The ALJ also highlighted that prior to the carpal tunnel release surgery Plaintiff was observed by Dr. Moullet as having no grasping or handling difficulties putting on her socks and shoes, Tr. 673, and the medical findings of full range of movement of extremities and normal strength by Dr. Maxwell, Dr. Woolever, Dr. Mc Murtry, and Dr. Moullet, Tr. 553, 696, 658, 737, 740, 743, 746.  Tr. 22.  Moreover, the ALJ

highlighted that although Dr. Khaleel assessed that Plaintiff had a positive Tinel's sign in her left hand, consistent with carpel tunnel syndrome, her range of motion of her bilateral wrists, hands, and fingers were normal, and grip strength was full on the right and moderate on the left. Tr. 527-29. On this record, the ALJ reasonably found the medical evidence inconsistent with Plaintiff's statements about the intensity, persistence, and limiting effects of the symptoms. This finding is supported by substantial evidence.

### 2. Inconsistent with Activities

The ALJ found Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms inconsistent with her activities. Tr. 21-22. The ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins*, 261 F.3d at 857. In addition, if a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported inability to work. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Molina*, 674 F.3d at 1113. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13. Here,

the ALJ found that Plaintiff's blanket-making, coloring, painting, television watching, and vehicle-driving reflected that, despite some functional limitations, Plaintiff retained a limited capacity for work. Tr. 22. As to Plaintiff's blanket-making, the ALJ erroneously found that Plaintiff was still making blankets in 2017, rather than 2015. Tr. 21, 44. However, Plaintiff's alleged disability onset date was March 2013 and therefore Plaintiff made blankets for two-to-three hours a day for two years after the alleged disability onset date. Tr. 44-46. While the record does not support a finding that Plaintiff's blanket-making was consistent with work-level activity, *see Fair*, 885 F.2d at 603 (recognizing that a claimant's ability to engage in activities, such as housework or exercise, that involve periodic rest do not support a finding that she can engage in regular work activities), the ALJ's finding that Plaintiff's blanket-making after the alleged disability onset date was inconsistent with her reports about the extent of her carpal tunnel syndrome and back and neck pain and how these conditions impacted her ability to concentrate and sustain is supported by substantial evidence. However, the ALJ's finding that Plaintiff's reported headaches were inconsistent with her television watching, Tr. 22, is not a sufficient reason on this record to discount Plaintiff's reported headaches and their impact. To the extent the ALJ relied on Plaintiff's other activities to discount her reported activities, the record is insufficient as to Plaintiff's painting or coloring—either singularly or cumulatively—to serve as a

basis to discount Plaintiff's statements about her symptoms.  Tr. 87, 246.  The

record is also insufficient to discount Plaintiff's reported symptoms due to her

driving.  Driving a car does not detract from a claimant's reported symptoms if the

driving activities are not transferable to the work setting.  *Vertigan v. Halter*, 260

F.3d 1044, 1050 (9th Cir. 2001) (emphasizing that the claimant's driving did "not

mean she could concentrate on work despite the pain or could engage in similar

activity for a longer period given the pain involved").  Here, there is insufficient

evidence that Plaintiff drove to an extent consistent with work-level activity or to

such extent that was inconsistent with her alleged severe back pain and neck pain.

Plaintiff's blanket making is not a sufficient reason to discount the entirety

of Plaintiff's symptom complaints.  Based on this record, the ALJ did not offer

clear and convincing reasons supported by substantial evidence to discount

Plaintiff's reported symptoms based on her activities.

Thus, even though the ALJ's finding that Plaintiff's symptom testimony was

not consistent with the objective medical evidence is supported by substantial

evidence, the ALJ's overall decision to discount Plaintiff's symptom testimony

cannot be affirmed because the only other reason relied on by the ALJ to discount

Plaintiff's symptom testimony—inconsistency with her activities—was not a clear

and convincing reason supported by substantial evidence.  The ALJ's rejection of

Plaintiff's symptom claims may not solely be based on the lack of supporting

objective medical evidence. *See Rollins*, 261 F.3d at 857; *Bunnell*, 947 F.2d at 346-47; *Fair*, 885 F.2d at 601.

Therefore, the ALJ is instructed to reevaluate Plaintiff's symptom testimony on remand.

**B. Medical Opinion Evidence**

Plaintiff contends the ALJ improperly considered the opinions of David Woolever, M.D. ECF No. 19 at 10-11.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a nonexamining physician's opinion. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by

substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

"However, the ALJ need not accept the opinion of any physician, including a

treating physician, if that opinion is brief, conclusory, and inadequately supported

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1228

(9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Bayliss*, 427 F.3d at 1216. The opinion of a

nonexamining physician may serve as substantial evidence if it is supported by

other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041

(9th Cir. 1995).

Dr. Woolever treated Plaintiff and diagnosed Plaintiff with general anxiety

disorder, low back pain, coronary artery disease, diabetes, migraines, obstructive

sleep apnea, carpal tunnel syndrome, and depression. Tr. 544, 930. In September

2015,[2] Dr. Woolever opined that Plaintiff was severely limited (unable to meet the

_____

[2] The ALJ identified that the DSHS Physical Evaluation was performed by Dr.

Woolever on August 4, 2015. Tr. 23. However, that was the date Plaintiff signed

the form. Tr. 543. Dr. Woolever examined Plaintiff on September 3, 2015. Tr.

545. The Court refers to this opinion as the September 2015 or the 2015 opinion.

ORDER - 17

demands of sedentary work) and was only able to walk fifty feet and sit for twenty minutes or less. Tr. 544-45. In January 2017, Dr. Woolever opined that Plaintiff could perform sedentary work, would miss four or more days of work per month, would suffer migraines due to bright lights, and would experience anxiety if talking on the phone. Tr. 933.

The ALJ assigned minimal weight to Dr. Woolever's 2017 opinion (other than his opinion that Plaintiff was limited to sedentary work, which the ALJ accepted) and assigned little to no weight to Dr. Woolever's 2015 opinion. Tr. 22-23. Because Dr. Woolever's opinions were contradicted by the non-examining opinion of Dr. Edward Brophy,[3] Tr. 103-06, the ALJ was required to provide specific and legitimate reasons to reject Dr. Woolever's opinions. *See Bayliss*, 427 F.3d at 1216.

---

[3] The ALJ found that Dr. Mohammed Khaleel did not offer any functional limitations as part of his consultative examination. Tr. 23, 526-30. Because Dr. Brophy's opinion is supported by other independent medical evidence, the Court need not decide, for purposes of applying the legitimate-and-specific standard of review, whether Dr. Khaleel's opinion that Plaintiff was "able to ambulate without any difficulty" was a functional opinion. Tr. 529; *see Andrews*, 53 F.3d at 1041.

*1. 2015 Opinion*

The ALJ discounted Dr. Woolever's 2015 opinion because it was unsupported by the medical evidence and findings. Tr. 23. Relevant factors to evaluating any medical opinion include the amount of relevant evidence that supports the opinion and the consistency of the medical opinion with the record as a whole. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Therefore, a medical opinion may be rejected by the ALJ if it inadequately supported by medical findings. *Bray*, 554 F.3d at 1228. Here, the ALJ noted that Dr. Woolever's September 2015 clinic note stated that Plaintiff had decreased sensation in her feet and some lumbar tenderness, findings that were disproportionate to Dr. Woolever's opinion that Plaintiff was able to walk only fifty feet and was unable to sit for over twenty minutes, and inconsistent with the benign findings of Dr. David Maxwell, Dr. Elizabeth Mc Murtry, Dr. Daniel Moullet, and Dr. Khaleel. Tr. 23. On this record, the ALJ's findings are rational and supported by substantial evidence. First, the ALJ rationally found that Dr. Woolever's extreme September 2015 opinion was inconsistent with Dr. Woolever's findings on that date—findings that were consistent with his prior largely normal findings. Tr. 22-23 (citing Tr. 546). This finding is supported by substantial evidence in the entire record, not simply the

evidence cited by the ALJ.[4]  *See, e.g.*, Tr. 749 (noting normal cardiac rate and rhythm, clear breath sounds, and normal gait and full range of movement of all joints, although tender to percussion of lumbar spine), Tr. 746 (same, except no noted tenderness in lumbar spine), Tr. 752 (noting normal cardiac rate and rhythm, decreased breath sounds but otherwise lungs clear, full range of movement of all joints and normal gait, although tenderness with percussion of the right costovertebral angle (CVA)).

Second, the ALJ also reasonably found the other four physicians' findings inconsistent with Dr. Woolever's extreme opinion.  Tr. 23; Tr. 553 (Dr. Maxwell: during visit for sore throat and cough, finding good air movement bilaterally; positive wheezes, no rales; normal S1, S2 cardiovascular; no CVA, midline

_____

[4] *See* 42 U.S.C. 405(g) (requiring the Commissioner to "file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based"); *Lingenfelter*, 504 F.3d at 1035; *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("[T]he district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

ORDER - 20

thoracic, or lumbar spinal tenderness); Tr. 694 (Dr. Moullet: noting regular cardiac

rate and rhythm; lungs clear to auscultation, respirations non-labored, equal breath

sounds; normal range of motion of back with tenderness left midback and flank;

and normal range of motion and strength with no tenderness of the

musculoskeletal); Tr. 658 (Dr. Mc Murtry: finding regular cardiovascular rate and

rhythm; lungs clear to auscultation, respirations non-labored, equal breath sounds;

normal range of motion of back; and normal musculoskeletal range of motion and

strength); Tr. 526-30 (Dr. Khaleel: normal gait and station, lungs clear to

auscultation bilaterally without any adventitious sounds; normal S1, S2 cardiac;

full range of motion of all joints).  The ALJ's decision to discount Dr. Woolever's

2015 opinion because it was inconsistent with the objective medical evidence,

including Dr. Woolever's examination findings and observations, is supported by

substantial evidence.

*2. 2017 Opinion*

The ALJ discounted Dr. Woolever's 2017 opinion because it was

inconsistent with the objective medical findings.  Tr. 22-23.  A medical opinion

may be rejected by the ALJ if it inadequately supported by medical findings and

the record as a whole.  *Bray*, 554 F.3d at 1228; *Tommasetti v. Astrue*, 533 F.3d

1035, 1041 (9th Cir. 2008).  Here, the ALJ found that Dr. Woolever's opinions that

Plaintiff needed to lie down two-to-three times a day and would miss four or more

days of work per month were inconsistent with the benign physical exam results obtained by the four treating physicians discussed *supra*, as well as Dr. Woolever's findings. Tr. 23, 752, 930-33. Plaintiff faults the ALJ for referring to only a single benign physical examination by Dr. Woolever to discount the opinion, submitting that the ALJ failed to appreciate that Plaintiff's symptoms waxed and waned. ECF No. 19 at 11. It is this Court's duty to review the ALJ's findings in light of the entire record. *See Heston*, 245 F.3d at 535 ("[T]he district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."); *Black*, 143 F.3d at 386 ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]"). The record reflects that Plaintiff sought medical treatment for various reasons almost monthly (and often more than once a month) from 2014 to 2017. This record reflects that Plaintiff's lumbar pain, wrist pain, and other symptoms waxed and waned, but that even at their peak, the ALJ rationally found that the symptoms were not as functionally limiting as Dr. Woolever opined. As discussed *supra*, the ALJ found that the record reflects that Plaintiff's cardiac rate and rhythm were normal, her breathing was largely normal, and her lumbar pain did not impact her ability to perform

ORDER - 22

sedentary work, so long as limited to sedentary work with postural imitations.[5]
*See, e.g.*, Tr. 339, 409, 527, 534, 537, 541, 594, 716, 719, 725, 731, 734-35, 740,
749, 845. The ALJ's finding that Plaintiff's conditions were not as functionally
limiting as Dr. Woolever opined is rational and supported by substantial evidence
in the record. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## C. Step Five

Plaintiff faults the ALJ for relying on vocational-expert testimony that relied
on an incomplete hypothetical as it did not include all of Plaintiff's limitations and
thereby the ALJ did not incorporate all of Plaintiff's restrictions into the RFC.
ECF No. 19 at 15-16. For reasons discussed *supra*, the ALJ's consideration of
Plaintiff's symptom claims is legally insufficient. Therefore, the Court must
reconsider step five on remand.

## D. Remedy

Plaintiff urges this Court to remand this case for an immediate award of
benefits. ECF No. 19 at 16. "The decision whether to remand a case for additional
evidence, or simply to award benefits is within the discretion of the court."
*Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*,

---

[5] Dr. Woolever opined that Plaintiff's carpel tunnel syndrome did not cause any
manipulative limitations for her upper extremities. Tr. 933.

761 F.2d 530 (9th Cir. 1985)).  When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the credit-as-true rule, where 1) the record has been fully developed and further administrative proceedings would serve no useful purpose; 2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and 3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied, the court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated.  Even if the ALJ

were to fully credit Plaintiff's symptom testimony, the evidence would still present outstanding conflicts for the ALJ to resolve. The ALJ's weighing of the medical evidence—without considering Plaintiff's symptom reports—is supported by substantial evidence. Moreover, Dr. Edward Brophy opined that Plaintiff was capable of performing light work, Tr. 113-14, and Dr. Woolever opined that Plaintiff had no manipulative limitations in the 2017 opinion, Tr. 933. Therefore, further proceedings are necessary for the ALJ to reconsider Plaintiff's symptom testimony and to weigh the conflicting evidence. On remand, the ALJ should reconsider Plaintiff's symptom complaints and ensure that the reasons cited to discount those complaints, if any, are legally sufficient.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is neither supported by substantial evidence nor free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social

Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED June 12, 2019.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 26